**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-4893

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

WARREN F. TONSING, JR.,

                    Defendant - Appellant.

No. 14-4894

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

GLENN ADKINS, JR.,

                    Defendant - Appellant.

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:12-cr-00259-RJC-DCK-2; 3:12-cr-00259-RJC-DCK-1)

Submitted:  September 30, 2015       Decided:  October 22, 2015

Before GREGORY and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Andrew B. Banzhoff, DEVEREUX & BANZHOFF, PLLC, Asheville, North
Carolina; Richard H. Tomberlin, LAW OFFICE OF RICHARD H.
TOMBERLIN, Charlotte, North Carolina, for Appellants.  Jill
Westmoreland Rose, Acting United States Attorney, Amy E. Ray,
Chief of Appeals, Asheville, North Carolina; Leslie R. Caldwell,
Assistant Attorney General, Sung-Hee Suh, Deputy Assistant
Attorney General, Patrick Donley, William Bowne, James I.
Pearce, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.,
for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Warren Tonsing, Jr., and Glen Adkins, Jr., were convicted by a jury of conspiracy to commit wire fraud, conspiracy to commit money laundering, and several substantive counts of wire fraud and money laundering. The district court varied downward and sentenced Tonsing to 144 months' imprisonment and Adkins to 300 months' imprisonment. On appeal, Appellants argue that the district court erred in denying their motions for judgment of acquittal under Fed. R. Crim. P. 29 because their money laundering offenses merged with their wire fraud offenses, that the district court was required to submit Appellants' restitution amounts and the facts underlying the application of the Sentencing Guidelines to the jury, and that the district court procedurally erred in applying several sentencing enhancements. The Government responds that Appellants waived their merger argument by failing to assert it in their Rule 29 motions, and that the remaining arguments are without merit. We affirm.

We agree with the Government that Appellants waived their merger argument by failing to assert it in their Rule 29 motions. See United States v. Chong Lam, 677 F.3d 190, 200 (4th Cir. 2012) ("When a defendant raises specific grounds in a Rule 29 motion, grounds that are not specifically raised are waived on appeal."). We also conclude that the district court was not

3

required to submit the facts underlying Appellants' Guidelines calculations and restitution amounts to the jury. See United States v. Booker, 543 U.S. 220, 233 (2005) (approving judicial factfinding with respect to advisory Guidelines); United States v. Day, 700 F.3d 713, 732 (4th Cir. 2012) (rejecting claim that jury must decide restitution amount).

In assessing Appellants' challenges to the application of the Guidelines, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Alvarado Perez, 609 F.3d 609, 612 (4th Cir. 2010). "[W]e afford considerable deference to a district court's determinations regarding the reliability of information in a PSR," and will not disturb such determinations absent "the definite and firm conviction that a mistake has been committed." United States v. McDowell, 745 F.3d 115, 120 (4th Cir. 2014) (internal quotation marks omitted), cert. denied, 135 S. Ct. 942 (2015).

Appellants first argue that the district court erred in calculating the loss amounts and number of victims. When calculating the loss attributable to a defendant, a district court "need only make a reasonable estimate of the loss, given the available information." United States v. Miller, 316 F.3d 495, 503 (4th Cir. 2003). A Government witness testified at sentencing regarding his estimation of the loss amounts and

4

number of victims, and the district court adopted loss amounts that were considerably lower than these estimates. The district court did not err in finding that these estimates were reasonable and supported by a preponderance of the evidence, and in applying sentencing enhancements based on these estimates.

Appellants next challenge the application of the vulnerable victim enhancement. This enhancement applies when "a victim was unusually vulnerable" and "the defendant knew or should have known of such unusual vulnerability." United States v. Llamas, 599 F.3d 381, 388 (4th Cir. 2010). The district court found that Appellants' victims were vulnerable because they had already invested money in Appellants' scheme, and that Appellants knew of this vulnerability. Because this finding is not clearly erroneous, the enhancement was properly imposed.

Finally, Adkins argues that the district court erred by applying a three-level supervisory role enhancement. "[A] district court's determination that a defendant held a leadership role in criminal activity is essentially factual and, therefore, is reviewed on appeal for clear error." United States v. Steffen, 741 F.3d 411, 414 (4th Cir. 2013). "[T]he aggravating role adjustment is appropriate where the evidence demonstrates that the defendant controlled the activities of other participants or exercised management responsibility." Llamas, 599 F.3d at 389 (internal quotation marks omitted). At

trial, a coconspirator testified that Adkins was "second in command" and ran the call center while their leader, Jeffrey Bonner, was out, and another coconspirator testified that Adkins and Bonner had interviewed him for his position, and that Adkins once wrote a new pitch for him to use. We find that the district court did not clearly err in crediting this testimony and concluding that Adkins was a manager or supervisor.

Accordingly, we affirm the judgment of the district court. We deny Adkins' motions for leave to file pro se briefs. See United States v. Penniegraft, 641 F.3d 566, 569 n.1 (4th Cir. 2011). We also deny Adkins' motion to reconsider the denial of his motion to relieve counsel, deny as moot his motions to reconsider the orders deferring ruling on his motions for leave to file pro se briefs, deny his motion to reconsider the denial of his motions for judicial notice and imposition of sanctions, and deny his petition for reconsideration regarding his request for investigative services. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED